CALVIN WILLIAMS V. THE STATE.

No. 18825.   Delivered October 13, 1937.
Rehearing Denied December 15, 1937.

The opinion states the case.

*Early & Johnson* and *J. Edward Johnson,* of *McCartney, McCartney & Johnson,* all of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating the liquor laws of this State; punishment, a fine of $400.00.

The contentions made in this case, and the facts herein, as well as the legal questions involved, are similar to those decided in Stevens v. State, No. 18823, opinion this day handed down (page 333 of this volume). For the reasons therein stated, the judgment in this case is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant insists in an able and exhaustive motion that we were in error in our original opinion herein where we held that the two liquor inspectors, who were the persons alleged to have purchased the liquor from appellant, were not accomplices.

Practically the same facts and propositions were presented to this court in the case of Stevens v. State, No. 18823, in an opinion recently delivered, not yet reported (page 333 of this volume), this court held that such a class of witnesses, under a similar state of facts as is presented here, were not accomplices. In that case, on motion for rehearing, both Presiding Judge Morrow and Judge Hawkins wrote, reaffirming the doctrine laid down therein, and since such time,—in the case of Wooldridge v. State, No. 18871 (page 386 of this volume), and Park v. State, No. 18912 (page 375 of this volume), opinions this day handed down, such position has again been announced.

We can see no good reason to write further in the matter. We think these decisions announce a sound proposition of law, and in consonance therewith appellant's motion for a rehearing is overruled.

*Overruled.*